## EMPIRE TIMBER CO. v. WOODBINE TIMBER CO.

(Circuit Court of Appeals, Second Circuit.  November 14, 1910.)

### No. 45.

1. PLEADING (§ 250*)—AMENDMENT—ACTION FOR BREACH OF CONTRACT—PLEADING DAMAGES.

In an action for breach of a contract, it is within the discretion of the court to permit an amendment of the complaint, by substituting specific allegations of general damage for a claim for special damage.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 731; Dec. Dig. § 250.*]

2. SALES (§ 89*)—MODIFICATION OF CONTRACT.

A contract by which plaintiff agreed to furnish to defendant piles of various sizes delivered on board vessels to be sent by defendant during the following year, and which provided that plaintiff should keep defendant constantly advised as to the quantities being cut and the location of the same with reference to the point of shipment, to enable defendant to intelligently charter vessels, necessarily implied that plaintiff should have the right to select the cargoes to be shipped, with respect to the sizes of the piles; and the fact that it at times complied with the wishes of defendant in that respect did not change the contract, nor estop plaintiff from asserting its right thereafter.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 251, 252, 259; Dec. Dig. § 89.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by the Woodbine Timber Company against the Empire Timber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

In the opinion following the parties are designated as in the court below. On January 1, 1906, the parties to this action entered into a written agreement by which the plaintiff agreed to furnish to the defendant upon vessels in Georgia or Florida during the year following certain quantities of yellow pine piles of various sizes. The quantities and sizes of the piles are stated in schedules. The test whether piles complied with the requirements was stipulated to be the inspection by the defendant's inspector alongside the vessel. Each cargo was to be paid for when the vessel was loaded—delivery being f. o. b. the vessel.

The contract also contained the following provision: "The party of the second part [the plaintiff] shall constantly keep the party of the first part [the defendant] advised as to the quantities of piling being cut and made ready for shipment and the location of the same with reference to point of shipment, in order that the party of the first part may intelligently charter vessels to load same at proper loading points in full cargo lots of not less than four hundred nor more than five hundred piles per vessel. * * *"

The plaintiff furnished large quantities of piles under the contract, and no serious misunderstanding arose until during the month of November, 1906, at which time it is in effect claimed by each party that the other broke the contract. The provision of the contract concerning payment upon the loading of the cargo was not insisted upon before November, 1906, and payments were made after cargoes had arrived at New York.

The plaintiff brought suit against the defendant for the breach of contract which it charged, and the defendant on its part set up a counterclaim. The jury rendered a verdict in favor of the plaintiff, and the defendant has brought this writ of error. Other material facts are stated in the opinion.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. T. Kiernan, for plaintiff in error.

Battle & Marshall (H. S. Marshall, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The defendant contends at the outset that the law of Georgia should be applied to this contract, because it was made and was to be performed in that state. This contention is undoubtedly well founded, but it presents no error. Georgia law seems to be the same as the general law upon the particular questions here involved.

It is next urged that the trial court erred in permitting the plaintiff to amend its complaint by substituting for its claim for special damages specific allegations of general damage. This amendment was probably unnecessary. Waiving its claim for special damages, the plaintiff was undoubtedly entitled to prove its general damages, without particularly stating the measure thereof. But the measure which the amendment stated was that which the law fixed, and the amendment did no harm. Certainly its allowance was within the discretion of the trial court. It is true that it would have been much the better practice to have written it out. But the statement of the court was treated as the amendment, and the defendant traversed its allegations. Afterwards it was too late to object upon the ground of informality.

The substantial contention of the defendant is that the trial court erred in refusing to dismiss the complaint. This contention requires, in the first place, the interpretation of the contract upon the question whether the plaintiff or the defendant had the right thereunder to select the piles to constitute the cargoes to be carried by the vessels sent by the defendant.

As shown in the extract from the contract in the statement of facts, the plaintiff was to keep the defendant advised of the quantities of piling ready for shipment from time to time, so that the defendant could intelligently charter vessels to carry it. In our opinion this provision necessarily implied that the plaintiff should have the right to select the cargoes to be shipped. The provision would have been useless and meaningless, if the defendant could have rejected the piling which the plaintiff had ready and have insisted upon receiving particular sizes which might not have been ready.

But it is said that the plaintiff waived this provision and conceded to the defendant the privilege of selecting the sizes of piling to be taken in each cargo. We find from the record that the plaintiff at different times did comply with the wishes of the defendant with respect to the shipments. But we find nothing requiring the jury to find that the contract was thereby changed, even if we assume that there was enough to justify the trial court in submitting that question to them. And no principles of estoppel prevented the plaintiff from asserting its rights under the contract when it considered it necessary to do so.

Now, there was evidence in the case to warrant the jury in finding that the defendant's inspector, in accordance with its instructions, refused to receive upon its vessel piling offered by the plaintiff of the

sizes due under the contract, because they were below a particular size required by one of the schedules, and that, because the plaintiff declined to load the vessel with piles of that size, the defendant sent it away, and sent no more vessels. So finding, the conclusion followed that the defendant broke the contract, unless it had been broken previously by the plaintiff.

It is insisted that the plaintiff did break the contract by its letter of November 22, 1906, in which it stated that it would load the vessel sent by the defendant with piles called for by the contract, but would not load exclusively with the particular sizes which the defendant demanded, and in which it also stated that it would insist upon payment through a bank or in some other satisfactory way before the sailing of the vessel. The trial court assumed that this letter, by this demand of payment, would have constituted a breach of the contract on the part of the plaintiff, if prior to a breach on defendant's part, and submitted the question of priority to the jury.

As we have seen, there was evidence to warrant the finding that the defendant, by refusing to accept the cargo offered by the plaintiff, broke the contract. There was also evidence sufficient to warrant the finding that the defendant broke the contract before the sending or receipt of this letter. Consequently the verdict of the jury was justified, and there was no error of which the defendant can complain. We may say, moreover, that we are by no means satisfied that the demand for satisfactory arrangements for payment before the sailing of the vessel was sufficient to constitute a breach of the contract. Under the circumstances it might well be considered a notice that the provisions of the contract relating to the time of payment, which had previously been waived, would be insisted upon.

The remaining assignments disclose no prejudicial error.

The judgment of the Circuit Court is affirmed.